[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO DISMISS CT Page 10947
The defendant bar association has filed a cross-claim and motion to cite in the Commission on Human Rights and Opportunities of the State of Connecticut. The commission has filed a motion to dismiss with an accompanying memorandum. The bar association has apparently not filed any memorandum.
 A.
The commission claims that this motion should be granted because suit against the commission, a board or agency of the state, is barred by the doctrine of sovereign immunity. The cases certainly support that position. Horton v. Meskill,172 Conn. 615, 623 (1977; Barde v. Board of Trustees, 207 Conn. 59,64 (1988). Also, statutory immunity can be waived only through express legislative enactment. Struckman v. Burns,205 Conn. 542, 559 (1987). The court has examined Chapter 368x, Section 19a-581 et seq. and particularly Section 19a-590, the liability section. There is nothing in the language of the statutory sections to indicate the legislature created or intended to create a waiver of statutory immunity. In fact, the wording of Section 19a-590 seems to make this quite clear.
Section 52-572h, so-called Tort Reform II, provides for apportionment. In relevant part it reads at section (c):
 . . . "If the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant, only for his (sic) proportionate share of the recoverable economic damages and the recoverable non-economic damages."
The legislature was obviously interested in providing for apportionment as a way of distributing responsibility between wrongdoers. The language of the statute, however, can't be interpreted to mean that a "party", once having been brought CT Page 10948 in to a suit, surrenders any rights to have the case dismissed if that remedy is other available to it. Nor can it mean that such a "party", having prevailed on its motion to dismiss, somehow remains on the suit for apportionment purposes. Then we would in effect be back to Tort Reform I, and the language of 52-572h(c), (d), (e) and (f) when read together would be difficult to understand since (d) and (e) seem to assume by their wording that each "party" is subject to having damages imposed on it according to the formula set out in (d). That certainly cannot be true of a party who has had the action against it dismissed.
In any event, Section 52-102(2) provides that "no person who is immune from liability shall be made a defendant in the controversy." Joinder is not permissible against a party who has sovereign immunity and it must be assumed the legislature was aware of Section 52-102(2) when it passed Section 52-572h. The court has no jurisdiction to entertain this action since the state commission was improperly joined.
 B.
The commission also claims this action is barred by the statute of limitations, Section 52-584, which would seem to apply to this case given the allegations of the cross-complaint. The cross-complaint refers to and incorporates as an exhibit the plaintiff's amended complaint. The actionable activity of the commission would have had to occur sometime after June 27, 1989 when the decision of the commission was written and February 1, 1993 when the bar association to which the privileged document was delivered allegedly published it to seminar participants. It would thus seem that this action is barred by the statute of limitations; the motion to cite in the commissioner was filed July 16, 1993, granted on August 2, 1993 and a return date of September 21, 1993 was set by the court.
The Motion to Dismiss is granted.
Corradino, J. CT Page 10949